## A. R. Orr, Appellee, v. Warner & Frame, Appellants.

1. Brokers and factors—*when entitled to commissions.* If a broker substantially complies with his contract he is entitled to his commissions.

2. Instructions—*must not be argumentative.* An instruction is properly refused which is argumentative and misleading.

Assumpsit. Appeal from the Circuit Court of Vermilion county; the Hon. James W. Craig, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909.

Charles Troup, for appellants.

M. B. Bailey and S. F. Schecter, for appellee.

Mr. Presiding Justice Puterbaugh delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court against appellants and in favor of appellee for the sum of $686.83. The pleadings consist of the common counts and the general issue. The suit is for the recovery of commissions alleged to be due to appellee under a written contract between the parties whereby appellants, who were land agents, appointed appellee their agent and agreed that when he brought purchasers for any of their lands to them at Joliet, South Dakota, or any other place they might direct, and sales were made and the purchase price received by them, they would pay appellee commissions on such sales at the rate of $1.50 per acre. There is evidence tending to show that subsequent to the making of the contract, appellee introduced one Mrs. Somerville to appellants and solicited her to go to North Dakota and buy land of them; that she agreed with him to go, and afterward did so in company with appellants, and that she purchased of them and paid for 457.77 acres of land. Mrs. Somerville testified that her purpose in going to North Dakota was to see the land of appellants which

appellee had solicited her to purchase, and that she would not have gone had it not been for the solicitation of appellee, and that when she and appellants started to Joliet, she inquired of them where appellee was, and was told that he "might come along."

It is insisted by appellants that before appellee could recover commissions under the contract, he must have shown that he personally accompanied Mrs. Somerville to Joliet. It appears that appellee not only introduced to appellants a purchaser for their land, but that they knew when she went with them to visit the land that she was going at the solicitation of appellee. We are not prepared to hold that under these circumstances the right of appellee to commissions should be defeated solely because of his failure literally to comply with the terms of the contract in this respect. Such construction would be manifestly unreasonable. We think that appellee substantially complied with the terms of the agreement, and thereby became entitled to recover. Nothing remained to be done and the common counts were sufficient to permit a recovery.

The instruction which appellants claim was improperly refused was argumentative and misleading and the ruling of the court thereon was warranted. We find no error in the rulings of the court upon the admissibility of evidence. If appellee introduced the purchaser to appellants and procured her to visit the lands and she afterward purchased, what occurred thereafter in closing the deal was immaterial.

The judgment will be affirmed.

*Affirmed.*